**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **CHRISTOPHER GRANGER,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO.**<br>**5:20-cv-00297-TES** |
| **THOMAS H. WILSON, LYNN HAM, and CHRISTOPHER BRIAN JARRARD,** | |
| *Defendants.* | |

**ORDER GRANTING THOMAS H. WILSON'S MOTION FOR JUDGMENT ON THE PLEADINGS AND CHRISTOPHER BRIAN JARRARD'S MOTION TO DISMISS**

Stating a claim against a judge is difficult. The age-old doctrine of judicial immunity allows suits against judges to proceed in only the narrowest of circumstances. Stating a constitutional claim against a private person is also difficult. A private person is deemed to act under color of law in only the narrowest of circumstances. Christopher Granger's claims against Judge Thomas H. Wilson and Christopher Brian Jarrard don't fall within those narrow sets of circumstances.

Accordingly, Defendant Thomas H. Wilson's Motion for Judgment on the Pleadings [Doc. 3] and Christopher Brian Jarrard's Motion to Dismiss [Doc. 7] are **GRANTED**.

## FACTUAL BACKGROUND

On June 22, 2020, Christopher Granger ("Granger"), acting *pro se*, sued Thomas

H. Wilson, Chief Judge of the Superior Court for the Towaliga Judicial Circuit ("Judge

Wilson"), Lynn Ham, Clerk of the Superior Court of Monroe County ("Ham"), and

Christopher Brian Jarrard, Attorney at Law ("Jarrard") (collectively "Defendants"), in

the Superior Court of Monroe County. [Doc. 1-2, pp. 1–11]. Granger complained of

various federal constitutional violations and state causes of action and properly

perfected service soon thereafter. [*Id*.]. On July 16 and 23, respectively, Ham and Judge

Wilson filed answers to Granger's Complaint in state court. [*Id*. at pp. 12–22, 23–33].

That same day, Judge Wilson, with the consent of Ham and Jarrard, filed a Notice of

Removal in the United States District Court for the Middle District of Georgia. [Doc. 1,

pp. 1–4]. On July 28, Judge Wilson filed a Motion for Judgment on the Pleadings

pursuant to Federal Rule of Civil Procedure 12(c) in this Court. [Doc. 3]; [Doc. 3-1]. On

July 30, Jarrard filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6) in this Court. [Doc. 7]; [Doc. 7-1].

On August 13, Granger filed a Response to Judge Wilson's Motion for Judgment

on the Pleadings [Doc. 10] and a Response to Jarrard's Motion to Dismiss [Doc. 11]. On

August 27, Judge Wilson and Jarrard replied to Granger's responses. [Doc. 14]; [Doc.

15].

## DISCUSSION

### A.   Applicable Standards

#### 1.   *Pro se* Pleading Standard

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, the Eleventh Circuit has clarified that this "liberal construction" standard "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Lowe v. Delta Air Lines Inc.*, 730 F. App'x 724, 728 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 431 (2018) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)). Furthermore, even a *pro se* litigant must adhere to the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

#### 2.   Motion to Dismiss Standard

When ruling on a Rule 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In

3

fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts use a two-step framework. *Id*. The first step is to identify the allegations that are "no more than mere conclusions." *Id*. (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id*. (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333; *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S.

4

at 679). While courts, in ruling on a motion to dismiss, must take all the factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds* by *Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

B.     **Granger's Complaint**[1]

1.     **Allegations against all Defendants**

The first category of claims Granger makes are those he explicitly alleges against all three of the Defendants at once. Granger alleges a "trespass on the case" cause of action against the Defendants because they "held court (behind closed doors)." [Doc. 1-2, p. 5]. Granger alleges that this violated his Due Process rights and caused him harm. [*Id.*]. Granger states that after February 21, 2020, the Defendants "did not copy and or send the Plaintiff any notification of papers being filed into the court and have deprived the Plaintiff to his right to defend his name." [*Id.*]. Granger also alleges a "trespass" cause of action against all of the Defendants for their "attempt[] to administer his estate without [his] permission," causing him harm. [*Id.* at p. 7]. Granger seeks "$25,000 per defendant plus court costs and interest of 15 percent from the date of 2/21/20," but Granger acknowledges that the jury is free to award damages in excess of this amount if they so desire. [*Id.*].

The second category of claims Granger makes are made individually against each Defendant, but are alleged identically against all three. Granger alleges that each Defendant has taken an oath to uphold and act in agreement with the United States

---

[1] The Court recognizes that Granger has attempted to comply with Federal Rule of Civil Procedure 10(b). However, since certain pages of the Complaint contain multiple uses of the same number, *see, e.g.*, [Doc. 1-2, p. 6], in the interest of clarity the Court is referring to allegations in the Complaint by page number only.

Constitution and has violated that oath. [*Id*. at pp. 5–7]. Granger attached as exhibits to his Complaint copies of Judge Wilson and Ham's signed oaths for the positions of Judge of the Superior Court and Clerk of the Superior Court, respectively. [*Id*. at pp. 3–4]. Granger also alleges that each Defendant has violated the Supremacy Clause of the United States Constitution by "attempting to circumvent the United States Constitution by applying statutes and codes that violate [his] Due Process." [*Id*. at pp. 6–7]. Granger also alleges that each Defendant has violated his Fourth Amendment right to be free from unreasonable seizure, his Fifth and Fourteenth Amendment right to not be deprived of property without Due Process, and his Seventh Amendment right to a trial by jury. [*Id*.].

### 2.    Allegations against Judge Wilson

Granger alleges that Judge Wilson "did not follow the law as to non-represented litigants," has "expressed an . . . appearance of partiality," and has disqualified himself under the law. [*Id*. at p. 5]. Granger elaborates on his point:

> The Supreme Court has also held that if a judge wars against the Constitution, or if he acts without jurisdiction, he has engaged in treason to the Constitution. If he acts after he has been automatically disqualified by law, then he is acting without jurisdiction, and that suggests that he is then engaging in criminal acts of treason, and may be engaged in extortion and the interference with interstate commerce.

[*Id*.]. Granger then states that "[c]ourts have repeatedly ruled that judges have no immunity for their criminal actions." [*Id*.].

7

### 3.    Allegations against Ham[2]

Granger alleges that Ham "has failed to perform her duties as Clerk of Court by failing to send copies of any orders to the Plaintiff after 2/21/20, and she caused harm to the Plaintiff." [*Id.* at p. 6]. Granger also alleges that Ham has "conspired with the other defendants to deny [him] of his Unalienable Rights as recognized by the United States Constitution." [*Id.*].

### 4.    Allegations against Jarrard

Granger alleges that Jarrard "has conspired to prevent the Plaintiff from his Due Process of Law[] and has harmed the Plaintiff." [*Id.* at p. 7].

### 5.    Construing Granger's Claims According to the Applicable P*ro Se* Standard

The Court must construe *pro se* pleadings liberally. *See* Discussion, Section A(1), *supra*. Doing so, the Court interprets the claimed constitutional violations and money damages in Granger's Complaint as claims pursuant to 42 U.S.C. § 1983. The Court also recognizes several attempts to allege state-law causes of action: trespass, [Doc. 1-2, p. 7 ("The Defendants have Trespassed on the Plaintiff by attempting to administer his estate without permission from the Plaintiff.")]; a private cause of action for violation of a public official's oath of office, [*id.* at pp. 5–7 (alleging that each defendant has violated their respective oath of office, and in the case of Judge Wilson and Ham have "opened

---

[2] Ham is the only Defendant that has not filed either a Motion for Judgment on the Pleadings or a Motion to Dismiss.

[themselves] up to person[al] liabilities in this matter")]; and conspiracy [*id*. at pp. 5–7 ("Defendants held court (behind closed doors)" and worked together to harm Granger) (Ham "has conspired with the other defendants . . . .") (Jarrard "has conspired to prevent the Plaintiff from his Due Process of law . . . .")].

### C.   Judge Wilson's Motion for Judgment on the Pleadings

Judge Wilson filed an Answer to Granger's Complaint in the superior court before he removed the case to the federal court. [Doc. 1-2, pp. 23–33]. Judge Wilson then moved for judgment on the pleadings pursuant to Rule 12(c). [Doc. 3-1]. A Rule 12(c) motion is appropriate only after "the pleadings are closed," which means the complaint and any counterclaims have been answered. Fed. R. Civ. P. 12(c); *Perez v. Wells Fargo*, 774 F.3d 1329, 1337 (11th Cir. 2014). A judgment on the pleadings is appropriate when "there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment*, 140 F.3d 1367, 1370 (11th Cir. 1998). A Rule 12(c) motion raises the same question as a Rule 12(b)(6) motion: whether the plaintiff has stated a claim for which relief can be granted. *Strategic Income Fund v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002). Therefore, in considering Judge Wilson's Rule 12(c) Motion, the Court here applies the same standard applicable to Rule 12(b)(6) motions as summarized above. *See* Discussion, Section A(2), *supra*.

9

Granger fails to state a claim against Judge Wilson because Judge Wilson "enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough*, 907 F.3d at 1330. "Few doctrines are more solidly established at common law" than absolute judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Since judicial immunity is an immunity "from suit," it shields a judge from constitutional claims and state-law claims alike. *McCullough*, 907 F.3d at 1330. There are two ways a plaintiff can pierce a judge's immunity. The first way is to show that a judge was not acting in his or her judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *McCullough*, 907 F.3d at 1330. The second way is to show that the judge "has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *McCullough*, 907 F.3d at 1332.

### 1.    Judicial Capacity

Granger's allegations fail to show that Judge Wilson was acting outside of his judicial capacity. To determine whether a judge is engaged in a judicial act, courts look to "the nature and function of his act, not the propriety of the act itself, and consider whether the nature and function of the particular act is judicial." *McCullough*, 907 F.3d at 1330–31 (citing *Mireles*, 502 U.S. at 13). A "judge's motivation is irrelevant" to this inquiry because a "judge enjoys absolute immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *Id*. at 1331 (citing *Dykes v. Hosemann*, 776 F.2d 942, 947 (11th Cir. 1985) (en banc)). Even if "tragic

10

consequences" result from the complained-of judicial acts, absolute immunity remains intact. *Id*. (quoting *Stump*, 435 U.S. at 363).

The Eleventh Circuit determines whether the nature and function of a judge's alleged acts are judicial by considering four factors:

> (1) the precise act complained of is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity.

*Id*. (citing *Dykes*, 776 F.2d at 946). These factors point unequivocally to granting Judge Wilson immunity from Granger's claims. Granger's allegations, even the wholly conclusory ones, show that Judge Wilson's complained-of actions are purely judicial.

The first factor—whether the precise act complained of is a normal judicial function—heavily favors immunity here. Granger complains that Judge Wilson did not recuse himself, did not send notifications to Granger when he should have, and did not follow procedures as to *pro se* litigants. [Doc. 1-2, pp. 5–7]. These acts are judicial in nature and function. *McCullough*, 907 F.3d at 1330-31.

Granger relies on *Morrison v. Lipscomb*, 877 F.2d 463 (6th Cir. 1989), to show that Judge Wilson's acts were not judicial. [Doc. 10, p. 2]. But *Morrison* is easily distinguished from the allegations Granger makes against Judge Wilson. *See McCullough*, 907 F.3d at 1331–32. *Morrison* related to a "general order, not connected to any particular litigation." *Id*. (quoting *Morrison*, 877 F.2d at 466). In contrast, the acts Granger

complains of relate to the administration of his estate—something specific to Granger. [Doc. 1-2, p. 7].

Granger is correct that a judge is not protected when engaged in a purely administrative task, as was the case in *Forrester v. White*, 484 U.S. 219 (1988). But in *Forrester*, the function at issue was a judge demoting a subordinate court employee on the basis of her sex. *Forrester*, 484 U.S. at 220–21. The situation in *Forrester* is distinct from Granger's allegations. Granger's complaints are those of a litigant against a judge, not those of an employee against an employer.

Granger fails under the other factors, too. Granger alleges no facts that implicate the second factor—whether the events involved occurred in the judge's chambers. Granger opens his Complaint by stating that "[d]efendants held court (behind closed doors)." [Doc. 1-2, p. 5]. But Granger "fails to provide the facts from which one could draw such a conclusion," specifically, whether the proceedings themselves were held in private, *i.e.*, the judge's office, or whether the attorneys and the judge had a conference. *McCullough*, 907 F.3d at 1334. Moreover, Granger never adds any facts to establish whether the underlying proceeding about which he complains was civil or criminal or even if he was an affected party.[3]

---

[3] While he mentions an attempt to "administer his estate," Granger never states how his "estate" could be administered in a superior court since Georgia law provides that probate courts have exclusive jurisdiction over the administration of estates. O.C.G.A. § 15-9-30(a). Nor does Granger explain how his "estate" could be administered while he is still alive.

Granger also fails to plead facts implicating the third and fourth factors—

whether the controversy centered around a case then pending before the judge, and

whether the confrontation arose directly or immediately out of a visit to the judge in his

official capacity. Granger's allegations about Judge Wilson are no more than disjunctive

and conclusory references to bias, lack of recusal, not following procedures as to *pro se*

litigants, and the trespassory administering of Granger's estate, all of which are "too

chimerical to be maintained." *Iqbal*, 556 U.S. at 681; *see also* Discussion, Section B(1), B(2),

*supra*.

### 2.    In Excess of Jurisdiction

Because Judge Wilson's acts are judicial, he will enjoy absolute judicial immunity

unless Granger shows that he acted "in the clear absence of all jurisdiction." *Stump*, 435

U.S. at 357; *McCullough*, 907 F.3d at 1332. "A judge acts in 'clear absence of all

jurisdiction' only if he lacked subject-matter jurisdiction." *McCullough*, 907 F.3d at 1332

(quoting *Dykes*, 776 F.2d at 947–49). Granger recites in his Complaint that a judge acts

"without jurisdiction" when he fails to disqualify himself pursuant to an "appearance of

partiality." [Doc. 1-2, p. 5]. Then, Granger makes the point that Judge Wilson lacked

jurisdiction because he didn't recuse himself notwithstanding a bias he had in favor of a

"fellow Bar Member." [*Id*.]. This argument fails to show that Judge Wilson acted in the

absence of subject-matter jurisdiction. After all, Judge Wilson is a Superior Court Judge

in Monroe County, Georgia, and the Georgia Constitution states that "[t]he superior

courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution." GA. CONST. art. VI, §IV, ¶ 1.

**D.    Jarrard's Motion to Dismiss**

After consenting to the removal of this case, Jarrard filed a Motion to Dismiss [Doc. 7-1]. Jarrard argues that as a private actor he cannot be liable to Granger for the alleged constitutional violations and that Granger's remaining claims fail under the pleading standards set forth by *Twombly*, *Iqbal*, and Federal Rule of Civil Procedure 8. [*Id.*].

### 1.    Constitutional Claims

The Court interprets Granger's claims against Jarrard to allege constitutional violations in an attempt to recover money damages under 42 U.S.C. § 1983. *See* Discussion, Section B(5), *supra*. In order to prevail in an action under 42 U.S.C. § 1983, a plaintiff "must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Jarrard argues that Granger's constitutional claims should be dismissed because he is not a state actor and thus not acting under color of law for the purposes of 42 U.S.C. § 1983. [Doc. 7]; [Doc. 15]. The Court agrees that Jarrard—a private attorney and

14

"officer of the court"—is not a state actor. But that fact alone does not dispose of the question as to whether he can be held liable under 42 U.S.C. § 1983.

In *Polk County v. Dodson*, the Supreme Court held that an "officer of the court"—even a public defender on the state's payroll—does not act under color of law for the purposes of 42 U.S.C. § 1983. 454 U.S. 312, 324 (1981). But in *Tower v. Glover*, the Supreme Court held that an officer of the court can act "under color of" law if engaged in conspiratorial action with state officials. 467 U.S. 914, 923 (1984). *See also Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting [] under color of law for purposes of § 1983 actions."). Therefore, Jarrard's liability depends on whether Granger has properly pled that Jarrard and a state actor entered into a conspiracy to deprive Granger one of his constitutional rights.

"To state a claim for conspiracy under § 1983, a plaintiff must allege that (1) the defendants reached an understanding or agreement that they would deny the plaintiff one of his constitutional rights; and (2) the conspiracy resulted in an actual denial of one of his constitutional rights." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1327 (11th Cir. 2015).[4] Granger's conspiracy-related allegations against Jarrard are that

---

[4] The Eleventh Circuit imposes this pleading requirement on claims of conspiracy between multiple state actors, *see Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1327 (11th Cir. 2015), and claims of conspiracy between private actors and state actors, *see Hendrickson v. Cervone*, 661 F. App'x 961, 968–69 (11th Cir. 2016).

he "has conspired to prevent the Plaintiff from his Due Process of law, and has harmed the Plaintiff." [Doc. 1–2, p. 7]. The word "conspiracy" also shows up in Granger's allegations against Ham, stating that she "has conspired with the other defendants to deny the Plaintiff of his unalienable rights as recognized by the United States Constitution." [*Id*. at p. 6]. Granger also alleges that the Defendants "held court (behind closed doors)," did not notify Granger of any filings made with the court after 2/21/20, and "attempt[ed] to administer his estate without his permission." [*Id*. at pp. 5, 7].

Granger's Complaint fails to allege that Jarrard and a state actor (which in this case is ostensibly either of the other two Defendants) "reached an understanding or agreement that they would deny the plaintiff one of his constitutional rights." *Weiland*, 792 F.3d at 1327. Granger's references to "conspiracy" are "no more than conclusions," and "conclusory allegations are not entitled to the assumption of truth." *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). The references to joint conspiratorial action by the Defendants in holding court behind closed doors, not notifying Granger of court filings, and attempting to administer his estate without his permission are "too chimerical" to be considered a proper conspiracy pleading. *Id*. at 1335 (quoting *Iqbal*, 556 U.S. at 681). "A complaint must contain factual allegations that are 'enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). Granger's allegations are devoid of any "allegations about individual acts" performed by members of this alleged conspiracy or "their individual roles in [it]." *McCullough*,

907 F.3d at 1334. The Court cannot even infer from the Complaint what role Jarrard played in the alleged conspiracy or what specific things Jarrard did to deprive Granger of his rights.

Because Granger failed to plead that Jarrard and state-actor co-conspirators "reached an understanding or agreement that they would deny the plaintiff one of his constitutional rights," all of Granger's constitutional claims against Jarrard fail because Jarrard has not acted under color of law for the purposes of 42 U.S.C. § 1983. *Weiland*, 792 F.3d at 1327; *Tower*, 467 U.S. at 923.

### 2.      State law claims

The Court also interprets Granger's Complaint as attempting to allege non-constitutional causes of action for violation of oath of office and trespass. Both claims fail. First, Granger has no claim against Jarrard for violating his oath of office. In Georgia, it is a crime for a public officer to willfully and intentionally violate the terms of his oath. O.C.G.A. § 16-10-1. But Jarrard is not a public officer, and the Court is unaware of any private right of action implied into existence from this criminal statute. *See Govea v. City of Norcross*, 608 S.E.2d 677 (Ga. Ct. App. 2004) ("[I]t is well settled that violating statutes and regulations does not automatically give rise to a civil cause of action by an individual claiming to have been injured from a violation thereof.").

Second, both the "oath of office" claim and the "trespass" claim fail under the applicable pleading standards. Granger asserts that Jarrard has taken an oath, but

17

Granger fails to include any supporting factual allegations to support the conclusory assertion that Jarrard has "violated his oath." *See Iqbal*, 556 U.S. at 679; [Doc. 1–2, p. 7]. Likewise, Granger claims that Jarrard, as one of the "Defendants," has "trespassed" on Granger by "attempting to administer his estate without permission." [Doc. 1–2, p. 7]. This is a "conclusory allegation[] not entitled to the assumption of truth." *McCullough*, 907 F.3d at 1333 (citing *Iqbal*, 556 U.S. at 679). Granger fails to inform the Court of what his "estate" is and how exactly Jarrard trespassed upon it. Accordingly, Granger's oath-of-office and trespass claims against Jarrard fail "because their conclusory nature disentitles them to the presumption of truth." *Id*.

## <u>CONCLUSION</u>

For the reasons discussed above, the Court **GRANTS** Judge Wilson's Motion for Judgment on the Pleadings [Doc. 3] and Jarrard's Motion to Dismiss [Doc. 7]. Accordingly, Plaintiff's claims against Judge Wilson and Jarrard, two of the three Defendants, are **DISMISSED**.

**SO ORDERED**, this 1st day of September, 2020.

s/TILMAN E. SELF, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**