# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CHRISTOPHER GRANGER,**  *Plaintiff*,  v.  **THOMAS H. WILSON, LYNN HAM, and CHRISTOPHER BRIAN JARRARD,**  *Defendants*. | **CIVIL ACTION NO. 5:20-cv-00297-TES** |

## ORDER GRANTING LYNN HAM'S MOTION TO DISMISS

In *Granger v. Wilson*, No. 5:20-cv-00297-TES, 2020 WL 5223305 (M.D.Ga. Sept. 1, 2020), this Court granted Thomas H. Wilson and Christopher Brian Jarrard's motions to dismiss Christopher Granger's claims against them. [Doc. 16]. Now Defendant Lynn Ham asks this Court to dismiss Granger's claims against her. [Doc. 19]. For the reasons set forth below, this Court **GRANTS** Ham's Motion to Dismiss.

## FACTUAL BACKGROUND

On June 22, 2020, Christopher Granger ("Granger"), acting *pro se*, sued Thomas H. Wilson, Chief Judge of the Superior Court for the Towaliga Judicial Circuit ("Judge Wilson"), Lynn Ham, Clerk of the Superior Court of Monroe County ("Ham"), and Christopher Brian Jarrard, Attorney at Law ("Jarrard") (collectively "Defendants"), in the Superior Court of Monroe County. [Doc. 1-2, pp. 1–11]. Granger complained of

various federal constitutional violations and state causes of action and properly perfected service soon thereafter. [*Id*.]. On July 16 and 23, respectively, Ham and Judge Wilson filed answers to Granger's Complaint in state court. [*Id*. at pp. 12–22, 23–33]. That same day, Judge Wilson, with the consent of Ham and Jarrard, filed a Notice of Removal in the United States District Court for the Middle District of Georgia. [Doc. 1, pp. 1–4]. On July 28, Judge Wilson filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) in this Court. [Doc. 3]; [Doc. 3-1]. On July 30, Jarrard filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) in this Court. [Doc. 7]; [Doc. 7-1].

On August 13, Granger filed a Response to Judge Wilson's Motion for Judgment on the Pleadings [Doc. 10] and a Response to Jarrard's Motion to Dismiss [Doc. 11]. On August 27, Judge Wilson and Jarrard replied to Granger's responses. [Doc. 14]; [Doc. 15]. This Court granted Wilson and Jarrard's motions. [Doc. 16]. Ham then filed this Motion to Dismiss [Doc. 19]. Granger never filed a response. Thus, the motion is ready for a decision.

## DISCUSSION

A. **Applicable Standards**

   1. *Pro se* **Pleading Standard**

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, the Eleventh Circuit has clarified that this "liberal construction" standard "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Lowe v. Delta Air Lines Inc.*, 730 F. App'x 724, 728 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 431 (2018) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)). Furthermore, even a *pro se* litigant must adhere to the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### 2.  Motion to Dismiss Standard

When ruling on a Rule 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-

harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts use a two-step framework. *Id*. The first step is to identify the allegations that are "no more than mere conclusions." *Id*. (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id*. (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333; *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all the factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or

nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds* by *Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

### B. <u>Granger's Claims Against Ham</u>

The first category of claims Granger makes are those he explicitly alleges against all three of the Defendants at once, Ham included. Granger alleges a "trespass on the case" cause of action against the Defendants because they "held court (behind closed doors)." [Doc. 1-2, p. 5]. Granger alleges that this violated his Due Process rights and caused him harm. [*Id.*]. Granger states that after February 21, 2020, the Defendants "did not copy and or send the Plaintiff any notification of papers being filed into the court

and have deprived the Plaintiff to his right to defend his name." [*Id*.]. Granger also alleges a "trespass" cause of action against all of the Defendants for their "attempt[] to administer his estate without [his] permission," causing him harm. [*Id*. at p. 7]. Granger seeks "$25,000 per defendant plus court costs and interest of 15 percent from the date of 2/21/20," but Granger acknowledges that the jury is free to award damages in excess of this amount if they so desire. [*Id*.].

The second category of claims Granger makes are made individually against each Defendant, but are alleged identically against all three. Granger alleges that each Defendant has taken an oath to uphold and act in agreement with the United States Constitution and has violated that oath. [*Id*. at pp. 5–7]. Granger attached as exhibits to his Complaint copies of Judge Wilson and Ham's signed oaths for the positions of Judge of the Superior Court and Clerk of the Superior Court, respectively. [*Id*. at pp. 3–4]. Granger also alleges that each Defendant has violated the Supremacy Clause of the United States Constitution by "attempting to circumvent the United States Constitution by applying statutes and codes that violate [his] Due Process." [*Id*. at pp. 6–7]. Granger also alleges that each Defendant has violated his Fourth Amendment right to be free from unreasonable seizure, his Fifth and Fourteenth Amendment right to not be deprived of property without Due Process, and his Seventh Amendment right to a trial by jury. [*Id*.].

Further, Granger alleges that Ham "has failed to perform her duties as Clerk of Court by failing to send copies of any orders to the Plaintiff after 2/21/20, and she caused harm to the Plaintiff." [*Id*. at p. 6]. Granger also alleges that Ham has "conspired with the other defendants to deny [him] of his Unalienable Rights as recognized by the United States Constitution." [*Id*.].

### C. Construing Granger's Claims According to the Applicable P*ro Se* Standard

The Court must construe *pro se* pleadings liberally. *See* Discussion, Section A(1), *supra*. Doing so, the Court interprets the claimed constitutional violations and money damages in Granger's Complaint as claims pursuant to 42 U.S.C. § 1983. The Court also recognizes several attempts to allege state-law causes of action: trespass, [Doc. 1-2, p. 7 ("The Defendants have Trespassed on the Plaintiff by attempting to administer his estate without permission from the Plaintiff.")]; a private cause of action for violation of a public official's oath of office, [*id*. at pp. 5–7 (alleging that each defendant has violated their respective oath of office, and in the case of Judge Wilson and Ham have "opened [themselves] up to person[al] liabilities in this matter")]; and conspiracy [*id*. at pp. 5–7 ("Defendants held court (behind closed doors)" and worked together to harm Granger) (Ham "has conspired with the other defendants . . . .") (Jarrard "has conspired to prevent the Plaintiff from his Due Process of law . . . .")].

### D. Ham's Motion to Dismiss

Granger fails to state a claim against Ham because Ham "enjoys absolute

immunity from suit for judicial acts performed within the jurisdiction of h[er] court." *McCullough*, 907 F.3d at 1330. Judicial immunity extends not only to judges, but also to individuals who, like clerks of court, "are themselves integral parts of the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). "Few doctrines are more solidly established at common law" than absolute judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Since judicial immunity is an immunity "from suit," it shields a judicial actor from constitutional claims and state-law claims alike. *McCullough*, 907 F.3d at 1330.

There are two ways a plaintiff can pierce judicial immunity. The first way is to show that the actor was not acting in his or her judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *McCullough*, 907 F.3d at 1330. The second way is to show that the actor "has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *McCullough*, 907 F.3d at 1332.

### 1. Judicial Capacity

Granger's allegations fail to show that Ham was acting outside of her judicial capacity. All of Granger's complaints about Ham involve the performance of her duties as clerk of court. To determine whether a defendant is engaged in a judicial act, courts look to "the nature and function of his act, not the propriety of the act itself, and consider whether the nature and function of the particular act is judicial." *McCullough*, 907 F.3d at 1330–31 (citing *Mireles*, 502 U.S. at 13). "[M]otivation is irrelevant" to this

inquiry because a "judge [and clerk] enjoys absolute immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *Id*. at 1331 (citing *Dykes v. Hosemann*, 776 F.2d 942, 947 (11th Cir. 1985) (en banc)). Even if "tragic consequences" result from the complained-of judicial acts, absolute immunity remains intact. *Id*. (quoting *Stump*, 435 U.S. at 363).

The Eleventh Circuit determines whether the nature and function of an alleged act is judicial by considering four factors:

> (1) the precise act complained of is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity.

*Id*. (citing *Dykes*, 776 F.2d at 946). These factors point unequivocally to Ham immunity from Granger's claims. Granger's allegations, even the wholly conclusory ones, show that Ham's complained-of actions are purely judicial.

The first factor—whether the precise act complained of is a normal judicial function—heavily favors immunity here. Granger complains that Ham did not send notifications to Granger when she should have. [Doc. 1-2, p 6]. These acts are judicial in nature and function. *McCullough*, 907 F.3d at 1330-31.

Granger argues that Ham was engaged in a purely administrative task, as was the case in *Forrester v. White*, 484 U.S. 219 (1988). But in *Forrester*, the function at issue was a judge demoting a subordinate court employee on the basis of her sex. *Forrester*, 484 U.S. at 220–21. The situation in *Forrester* is distinct from Granger's allegations.

9

Granger's complaints are those of a litigant against a clerk of court, not those of an employee against an employer.

Granger fails under the other factors, too. Granger alleges no facts that implicate the second factor—whether the events involved occurred in the judge's chambers. Granger opens his Complaint by stating that "[d]efendants held court (behind closed doors)." [Doc. 1-2, p. 5]. But Granger "fails to provide the facts from which one could draw such a conclusion," specifically, whether the proceedings themselves were held in private, *i.e.*, the judge's office, or whether the attorneys and the judge had a conference. *McCullough*, 907 F.3d at 1334. Moreover, Granger never adds any facts to establish whether the underlying proceeding about which he complains was civil or criminal or even if he was an affected party.[1]

Granger also fails to plead facts implicating the third and fourth factors— whether the controversy centered around a case then pending before the court, and whether the confrontation arose directly or immediately out of a visit to the judicial officer in her official capacity. Granger's allegations about Ham are no more than disjunctive and conclusory references to trespass, not properly sending Granger court

---

[1] While he mentions an attempt to "administer his estate," Granger never states how his "estate" could be administered in a superior court since Georgia law provides that probate courts have exclusive jurisdiction over the administration of estates. O.C.G.A. § 15-9-30(a). Nor does Granger explain how his "estate" could be administered while he is still alive.

filings, and conspiracy, all of which are "too chimerical to be maintained." *Iqbal*, 556 U.S. at 681; *see also* Discussion, Section B(1), B(2), *supra*.

### 2.     In Excess of Jurisdiction

Because Ham's acts are judicial, she will enjoy absolute judicial immunity unless Granger shows that she acted "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 357; *McCullough*, 907 F.3d at 1332. One "acts in 'clear absence of all jurisdiction' only if he lacked subject-matter jurisdiction." *McCullough*, 907 F.3d at 1332 (quoting *Dykes*, 776 F.2d at 947–49). Granger makes no claims that show she acted in clear excess of jurisdiction.

### E.     Conspiracy Claims Against Ham

Granger accuses Ham of conspiracy, stating that she "has conspired with the other defendants to deny the Plaintiff of his unalienable rights as recognized by the United States Constitution." [*Id.* at p. 6]. Granger also alleges that the Defendants "held court (behind closed doors)," did not notify Granger of any filings made with the court after 2/21/20, and "attempt[ed] to administer his estate without his permission." [*Id.* at pp. 5, 7]. The Eleventh Circuit has dismissed a claim against a clerk of court on the grounds of judicial immunity when the claimant alleged the clerk and another defendant conspired with one another about the judicial act complained of. *See Dykes v. Hosemann*, 743 F.2d 1488, 1495 (11th Cir. 1984) (citing *Scott v. Dixon*, 720 F.2d 1542, 1546-47 (11th Cir. 1983)). Even if Granger had properly alleged a conspiracy claim between

11

Ham and the other defendants, which he did not, Ham would still be shielded by judicial immunity from that claim. See *Granger v. Wilson*, No. 5:20-cv-00297-TES, 2020 WL 5223305, at *14–18 (M.D.Ga. Sept. 1, 2020).

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Ham's Motion to Dismiss [Doc. 19]. Accordingly, now that Plaintiff's claims against Ham are dismissed, a final entry of judgment many be entered and the CLERK should close the case.

**SO ORDERED**, this 30th day of September, 2020.

                                        s/TILMAN E. SELF, III
                                        **TILMAN E. SELF, III, JUDGE**
                                        **UNITED STATES DISTRICT COURT**